**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

VIVEK SHAH,                                                                                                    PLAINTIFF
REG # 43205-424

v.                                                  2:15CV00004-KGB-JJV

MICHELLE WINGO, Physician's
Assistant, FCC-Forrest City Low; *et al.*                                              DEFENDANTS

**ORDER**

Pending is Plaintiff's Motion to Compel (Doc. No. 71) and Supplement to the Motion to Compel (Doc. No. 74), hereafter referred to as the "Motion." He contends Defendants have failed to produce documents related to six of his discovery requests. (*Id.*) Plaintiff also argues Defendants' objections to these requests should be waived as untimely. (*Id.*) Defendants have now responded (Doc. No. 76) and the Motion is ripe for disposition.

First, I decline to waive Defendants' objections. They argue the delay in raising these objections was due to the effort required in seeking out and consolidating the various documents related to Plaintiff's requests. (*Id.* at 2.) Defendants also state Plaintiff was not prejudiced by this delay. (*Id.*) These points are well taken. Courts may excuse waiver where there is no evidence that the delayed response stems from bad faith. *See Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) ("Acknowledging the harshness of a waiver sanction, courts have reserved the sanction for those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver.").

Next, I will review each of the disputed items in turn.

1

1. **Commissary Sales Receipts**

Plaintiff contends Defendants failed to produce all sales receipts from his commissary account. (Doc. No. 74 at 1-2.) He disputes Defendants' objection - that compiling these receipts would be overly burdensome - and argues it should be as simple as 'clicking' and 'printing.' (*Id*.) Defendants state employees of the Federal Correctional Complex in Forrest City would have to retrieve these receipts manually. (Doc. No. 76 at 3.) They also state Plaintiff has easier access to these receipts through the 'TRULINCS' program. (*Id*.) I, therefore, consider this matter resolved. If Plaintiff, after a good-faith attempt to access these documents through TRULINCS, is still unable to procure these receipts, he may again bring this issue before the Court.

2. **All Medical Tort Claims Filed with the South Central Regional Office**

Plaintiff argues Defendants should provide him with all medical tort claims filed in the South Central Region and any "documents, findings, and related papers." (Doc. No. 74 at 2.) Defendants objected to the broadness of this request and the fact that it was not calculated to lead to discovery of admissible evidence. The objection has merit. Plaintiff's request is overly broad. Plaintiff argues that waivers could be obtained from the affected inmates, but the burden of procuring so many waivers unquestionably outweighs the evidentiary value of these unrelated tort claims.

3. **Complaints and Lawsuits Filed Against Defendants Wingo and Birkhead**

Plaintiff seeks all complaints filed against these Defendants with the medical board, Bureau of Prisons, or any court of law. (*Id*. at 3.) Defendants object to this request as too broad and not calculated to lead to admissible evidence. I uphold this objection. There is no indication that any of these unspecified complaints contain information relevant to Plaintiff's claims. Defendants correctly note the claims in this suit are specific to Plaintiff - namely whether *he* received adequate

care for his serious medical needs. Whether other individuals complained of or sued[1] these Defendants has no relevance to Plaintiff's claims. Courts have routinely held that 'fishing expeditions' - which seek a broad range of documents without a threshold showing of relevance - should not be allowed to proceed. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). I reach the same conclusion here.

4. **Tax Returns for Defendants Wingo and Birkhead**

Plaintiff requests copies of federal and state tax returns for these Defendants from 2011 until 2015. (Doc. No. 74 at 3.) He contends this information is relevant for the purpose of calculating punitive damages. (*Id*. at 4.) Defendants object to production of this information as irrelevant and urge judicial caution in ordering such sensitive documents produced. I conclude there is no need to produce tax records at this time. Plaintiff has not presented sufficient evidence to show he is potentially entitled to punitive damages. *See Roberts v. Shawnee Mission Ford, Inc*., 352 F.3d 358, 361 (8th Cir. 2003) (holding that FRCP 26(b)(1) "vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit").

5. **American Correctional Association Accreditation Report and Other Compliance Reports**

Plaintiff seeks copies of American Correctional Association ("ACA") accreditation reports for 2013 to 2015. (Doc. No. 74 at 5.) Defendants object to production of these documents as irrelevant and also cite the deliberative process privilege. Nevertheless, they produced redacted versions of some of these reports. Plaintiff argues these redactions are insufficient because they omit the names of facility auditors, the number of clinics at some institutions, and the name of the

---

[1] Plaintiff has not even restricted his request to lawsuits related to medical care. Rather, he seeks *all* complaints filed against these Defendants. (Doc. No. 74 at 3.)

chairperson who visited certain facilities. (*Id.*) He has failed to demonstrate how that information is relevant to the issue of whether his medical care was adequate. Similarly, he has failed to establish the direct relevance of any other compliance reports at issue.[2] I therefore uphold Defendants' objections.

### 6. Information about All Inmate Requests for Eyeglasses Between 2013 and 2015

Plaintiff seeks all inmate requests for eyeglasses between 2013 and 2015. (Doc. No. 74 at 6.) Defendants object, stating this request is overly broad and implicates the protected medical information of other inmates. This objection also has merit. Other inmates' requests for eyeglasses have no bearing on whether Plaintiff was afforded timely access to the same. Additionally, the significant burden on Defendants of obtaining waivers to disclose this information outweighs any small evidentiary value it might have.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 71) and Supplement to the Motion to Compel (Doc. No. 74) are DENIED.

DATED this 29th day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also state that any potentially relevant information contained in those reports is already contained in the redacted ACA reports. (Doc. No. 76 at 6.)