**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

VIVEK SHAH,                                                                                              PLAINTIFF
REG # 43205-424

v.                                            2:15CV00004-KGB-JJV

MICHELLE WINGO, Physician's
Assistant, Forrest City Low Federal
Correctional Institution; *et al.*                                                                   DEFENDANTS

**ORDER**

Additional briefing is necessary on an issue that has not been addressed by either party. Namely, should the date of Plaintiff's Amended Complaint (Doc. No. 32) - April 7, 2015 - substitute for the 'institution' of his FTCA claims? Or should the filing date of the original Complaint (Doc. No. 2) on January 8, 2015, be controlling? This issue is relevant because Plaintiff contends he had exhausted some FTCA claims on February 20, 2015, after waiting six months without an agency response. (Doc. No. 84 at 1-2.)

The matter would be settled if Plaintiff were attempting to remedy previously unexhausted FTCA claims which were filed in an original complaint. *See McNeil v. United States*, 508 U.S. 106, 112 (1993) ("In its statutory context, we think the normal interpretation of the word "institute" is synonymous with the words "begin" and "commence." The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). The question would also be settled if he had abandoned all previous claims in favor of a new FTCA action. *See Mackovich v. United States*, 630 F.3d 1134, 1135-1136 (8th Cir. 2011) ("We reject the government's contention that the claim was premature because this action was initially filed in August 2008, before the administrative claim was denied.

. . . [Claimant] abandoned his initial claim and commenced an entirely new action when he was granted leave to file his July 2009 amended complaint.") Here, however, Plaintiff retained his original claims against his medical providers while adding new FTCA claims. (Doc. No. 32.)

In light of the foregoing, I request that both sides submit additional pleadings by January 8, 2016. I offer this opportunity in the interest of affording both parties every opportunity to address the relevant issues before a recommendation is made.

IT IS SO ORDERED this 8th day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE